UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TYRON RICHMOND, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 4:25-cv-00367-JSD |
| CASI BULLOCK, et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This 42 U.S.C. § 1983 civil rights action was dismissed on August 5, 2025, and self-represented Plaintiff Tyron Richmond filed a notice of appeal on September 2, 2025. Now before the Court are two motions filed by Plaintiff: a motion for reconsideration of the dismissal of this matter, and a motion for leave to proceed *in forma pauperis* on appeal. [Docs. 12, 14].

"The filing of a notice of appeal … confers jurisdiction on the court of appeals and divests the district court o[f] its control over those aspects of the case involved in the appeal." *Liddell v. Bd. of Educ.*, 73 F.3d 819, 822 (8th Cir. 1996) (quoting *Griggs v. Provident Consumer Disc. Co.,* 459 U.S. 56, 58 (1982)). But filing a notice of appeal does not prevent a district court from taking action in furtherance of the appeal or prevent it from hearing motions on collateral matters to those at issue on appeal. *Mahone v. Ray*, 326 F.3d 1176, 1179 (11th Cir. 2003) (citations omitted).

For the reasons explained below, the Court finds that both of Plaintiff's motions in this closed case should be denied. Because such denials are in furtherance of Plaintiff's appeal, the Court is not prevented from taking such action despite the pending notice of appeal.

**Motion for Reconsideration**

On August 5, 2025, the Court dismissed this case under 28 U.S.C. § 1915(e)(2)(B), for failure to state a claim upon which relief may be granted. [Docs. 9-10]. On August 20, 2025, Plaintiff filed a motion for reconsideration of the dismissal, asking the Court to withdraw its dismissal of this case and grant him leave to file an amended complaint. [Doc. 12 at 2-3]. Plaintiff argues that leave to amend should be freely given under Federal Rule of Civil Procedure 15(a). [*Id.* at 1-2]. Plaintiff did not attach a proposed amended complaint to his motion, nor does he explain what his amended complaint would contain that would cure the defects in his original pleadings.

It is true that under the Federal Rules of Civil Procedure the Court should freely grant leave to amend when justice so requires. Fed. R. Civ. P. 15(a)(2). However, following dismissal, the right to amend a complaint under Fed. R. Civ. P. 15(a) terminates. *Humphreys v. Roche Biomedical Laboratories, Inc.*, 990 F.2d 1078, 1082 (8th Cir. 1993) (internal citation omitted). The United States Supreme Court recently reaffirmed this position, stating that the liberal pleading standard of Rule 15(a) "does not govern when, following a final judgment, the case is closed and there is no pending pleading to amend." *BLOM Bank SAL v. Honickman*, 145 S. Ct. 1612, 1621 (2025).

Here, Plaintiff's case was dismissed after a lengthy and through review of his pleadings under 28 U.S.C. § 1915(e)(2)(B). [*See* Doc. 9]. Plaintiff provides no evidence in his motion for reconsideration that amendment of his complaint would cure any of his numerous pleading deficiencies. In addition, the Court notes that Plaintiff's motion does not include a proposed amended complaint, which he is required to submit. *See Clayton v. White Hall Sch. Dist.*, 778

F.2d 457, 460 (8th Cir. 1985) (explaining "that in order to preserve the right to amend the complaint, a party must submit the proposed amendment along with its motion").

Furthermore, according to the Supreme Court, when a plaintiff seeks to reopen a closed case and amend his pleadings, the plaintiff must first meet the strict standards for setting aside the judgment. *See BLOM Bank SAL v. Honickman*, 145 S. Ct. at 1621. In this case, it is unclear whether Plaintiff intends his *pro se* motion for reconsideration to be brought under Rule 59(e) (motion to alter or amend the judgment) or Rule 60(b) (relief from judgment for mistake or other reason). Fed. R. Civ. P. 59(e), 60(b); s*ee also Sanders v. Clemco Indus.*, 862 F.2d 161, 164-65, 168–69 (8th Cir. 1988) (discussing differences in characterizing unlabeled motion for reconsideration as either under Rule 59(e) or Rule 60(b)).

Under Rule 59(e), a court may alter or amend a judgment upon a motion filed no later than 28 days after entry of the judgment. Fed. R. Civ. P. 59(e). Rule 59(e) gives the Court power to rectify its own mistakes in the period immediately following the entry of judgment. *White v. N.H. Dep't of Emp't Sec.*, 455 U.S. 445, 450 (1982). Rule 59(e) motions are limited, however, to correcting "manifest errors of law or fact or to present newly discovered evidence." *U.S. v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006) (quoted cases omitted). On the other hand, "Rule 60(b) provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances." *U.S. Xpress Enters., Inc. v. J.B. Hunt Transp., Inc.*, 320 F.3d 809, 815 (8th Cir. 2003) (quoted case omitted). Rule 60(b) is not intended to be a vehicle for seeking reconsideration of merit arguments that were previously considered by the court. *Broadway v. Norris*, 193 F.3d 987, 990 (8th Cir. 1999).

Based on the Plaintiff's motion for reconsideration, the Court finds that there are no grounds for granting relief under either Rule 59(e) or 60(b). Plaintiff provides no argument for a

3

manifest error of law or fact, nor does he present newly discovered evidence. In addition, there is no showing of exceptional circumstances that justify extraordinary relief. As such, for all these reasons, the Court will deny Plaintiff's motion for reconsideration.

### Motion to Proceed *in Forma Pauperis* on Appeal

When the Court dismissed this action, it certified in writing that an appeal would not be taken in good faith. [*See* doc. 10]; 28 U.S.C. § 1915(a)(3). It is not apparent that Plaintiff now seeks appellate review of any issue that is not frivolous. *See Coppedge v. United States*, 369 U.S. 438, 445 (1962). As a result, the Court will deny the motion to proceed *in forma pauperis* on appeal.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for reconsideration [Doc. 12] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion to proceed *in forma pauperis* on appeal [Doc. 14] is **DENIED**.

**IT IS FINALLY ORDERED** that Plaintiff shall file any future documents or pleadings in connection with his appeal directly with the United States Court of Appeals for the Eighth Circuit.

Dated this 3rd day of September, 2025.

STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE